# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| HEATH HOLCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| v. | ) | No. 1:23-cv-02977-VMC-JSA |
| | ) | |
| CITY OF ALPHARETTA and | ) | |
| JOHN ROBISON, | ) | |
| | ) | |
| Defendants. | ) | |

---

## DEFENDANTS' MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

---

**Michael M. Hill**
**Georgia Bar No. 770486**
**Emily M. Walker**
**Georgia Bar No. 221826**
**FREEMAN MATHIS & GARY, LLP**
**100 Galleria Parkway, Suite 1600**
**Atlanta, GA 30339**
**T: 770.818.0000**
**F: 770.937.9960**

*Counsel for Defendants*

COME NOW the City of Alpharetta (the "City") and John Robison ("Chief Robison"), the defendants, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss plaintiff's complaint (Doc. 1-1) for failure to state any claim for which relief may be granted.

## I.     STATEMENT OF THE CASE

This matter arises from the termination of employment of plaintiff Heath Holcomb as a police officer with the City. He appears to assert the following claims: (1) retaliation under Title VII of the Civil Rights Act ("Title VII"); (2) age discrimination under Title VII; (3) First Amendment retaliation, asserted via 42 U.S.C. § 1983; (4) violation of procedural due process under the Fourteenth Amendment, also asserted via § 1983; (5) unlawful search in violation of the Fourth Amendment; (6) a due process claim for vagueness (based on an unspecified policy);[1] and (7) state and federal law claims for punitive damages. (Doc. 1-1, ¶¶ 13-44.) He asserts all claims against both defendants.

Plaintiff's complaint is heavy on legal conclusions and light on facts. In essence, he alleges the City terminated his employment because he "actively spoke out" against "discriminatory practices," including "unfair" promotions and disciplinary actions; "supported" other police officers who allegedly experienced discrimination or

---

[1] For the purposes of this motion only, defendants assume without conceding that plaintiff also intended to assert his Fourth Amendment and void-for-vagueness claims under § 1983.

"mistreatment"; and "opposed" various acts of alleged discrimination and "favoritism." (*See, e.g.*, *id.* ¶¶ 4-5, 10-11.) While he identifies multiple officers who allegedly experienced unfair treatment, nothing in the complaint even hints at how he "supported" them or "opposed" their treatment. (*See id.* ¶¶ 4-12.)

Plaintiff also alleges Chief Robison "initiated a complaint" against him, failed to provide him an administrative hearing or written notice of one, "unlawfully search[ed]" unspecified "personal items/files" "without a warrant," and terminated his employment. (*Id.* ¶¶ 6, 8, 36.) While plaintiff points out he is over 40 years old, he alleges nothing else to show his age to have been at issue. (*Id.* ¶ 20.)

Plaintiff's allegations fail to state any claim for relief under any of the causes of action asserted. In summary:

1.  Plaintiff failed to exhaust administrative remedies for his Title VII claims or to allege sufficient facts to state any claim for retaliation.

2.  Plaintiff cannot assert an age discrimination claim under Title VII and fails to allege sufficient facts to state any such claim.

3.  Plaintiff fails to allege sufficient facts to state a claim for First Amendment retaliation.

4.  Plaintiff's procedural due process claim fails for lack of sufficient facts to show a property interest in his employment or that state procedures were inadequate to remedy any perceived procedural violation.

5.  Plaintiff alleges no facts to state a void-for-vagueness claim, not even the nature of the policy at issue.

6.      Plaintiff alleges no facts to show a Fourth Amendment violation.

7.      Plaintiff alleges no policy or custom for § 1983 liability against the City.

8.      Plaintiff alleges no basis for § 1983 liability against Chief Robison because any official-capacity claim would be duplicative of the claims against the City, and Chief Robison is entitled to qualified immunity from any individual-capacity claim.

9.      Plaintiff alleges no basis for punitive damages.

Defendants therefore request that the Court dismiss all claims in the complaint with prejudice.

## II.   ARGUMENT AND CITATIONS TO AUTHORITY

### A.   Standard for granting a motion to dismiss for failure to state claim for relief.

To survive a motion to dismiss, a complaint must contain enough factual allegations to "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and state a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To do this, a plaintiff must plead more than "naked assertion[s]" without "further factual enhancement." *Id.* Thus, in reviewing the sufficiency of a complaint, a court should ignore allegations that are no more than opinions or mere legal conclusions. *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F.3d 402, 409 n.10 (11th Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and "unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Allegations that are "merely consistent with" a violation of the law "stop[] short of the line between possibility and plausibility." *See Twombly*, 550 U.S. at 557. Thus, a claim will survive a motion to dismiss only if the factual allegations in the complaint are "enough to raise a right to relief above the speculative level." *Id.* at 555.

**B.    Plaintiff's Title VII retaliation claims are unexhausted and fail on the merits.**

Before bringing a private action under Title VII, a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004). "Charges shall be in writing under oath or affirmation[.]" 42 U.S.C. § 2000e-5(b); *see also* 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified."). The Eleventh Circuit has held that "the verification requirement for EEOC charges is mandatory." *Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 907 (11th Cir. 2001).

Plaintiff's EEOC charge was not under oath or affirmation or verified. (*See* Exhibit A, EEOC charge.)[2] For this reason alone, all of plaintiff's Title VII claims fail for lack of

---

[2] Plaintiff refers in the complaint to his EEOC charge but did not attach a copy of it. (*See* Doc. 1-1 ¶ 3.) The Court may consider the copy of the EEOC charge attached to this motion to dismiss without converting to a motion for summary judgment because plaintiff refers to his EEOC charge in the complaint, it is central to his claims, and its authenticity is not in dispute. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997); *see also Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 424 (11th Cir. 2010) ("[B]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is

exhaustion and should be dismissed with prejudice.[3]

In addition, plaintiff alleges no facts to show he engaged in any protected activity under Title VII. His allegations that he "actively spoke out" against "discriminatory practices," including "unfair" promotions and disciplinary actions; "supported" other police officers who allegedly experienced discrimination or "mistreatment"; and "opposed" various acts of alleged discrimination and "favoritism" (Doc. 1-1 ¶¶ 4, 5, 10, 11) are pure legal conclusions—"'naked assertion[s]' devoid of 'further factual enhancement'"—which the Court should disregard in ruling on this motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Montalvo,* 84 F.3d at 409 n.10 ("As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss."); *Davila*, 326 F.3d at 1185 ("[U]nwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").[4]

---

not ordinarily the proper subject for a summary judgment; instead, it should be raised in a motion to dismiss[.]" (citation omitted)); *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) ("In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading.").

[3] In addition, to the extent plaintiff asserts a Title VII claim against Chief Robison, such claim fails because Title VII does not provide for liability against individuals. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

[4] *See also Hill v. IGA Food Depot*, No. 2:04-cv-00966-WKW-VPM (WO), 2006 WL 3147672, at *5 (M.D. Ala. Nov. 2, 2006) (merely asking "why the store had so few African-American cashiers" was insufficient to show protected activity, noting "[i]f he was opposing something, Plaintiff has not demonstrated that [the employer] had reason to know he was complaining about an illegal employment practice"); *Wohlhueter v. Cambria Fabshop-Atlanta, Inc.*, No. 1:04-CV-2922-JFK, 2005 WL 3359705, at *9-10

**C.      Plaintiff fails to state a claim for age discrimination.**

Plaintiff's attempt to assert an age discrimination claim under Title VII falls flat because Title VII does not prohibit age discrimination. (*See* Doc. 1-1 ¶ 14); 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on "race, color, religion, sex, or national origin"). The Court thus should dismiss plaintiff's age claim for this reason alone.

In addition, plaintiff alleges nothing to suggest his age ever was an issue in his employment, much less the reason for his termination. All he alleges about his age is that he is over 40 and that his termination was due to his age. (Doc. 1-1 ¶ 20.) But again, merely asserting that his termination was due to his age is just a "naked assertion" without "further factual enhancement," which is insufficient to state a claim. *See supra* Part II.B. Thus, for this additional reason, plaintiff's age claim fails and should be dismissed.

**D.      Plaintiff fails to allege sufficient facts to state any § 1983 claim.**

To state a claim under § 1983, plaintiff must allege a person acting under color of law deprived him of a right secured by the U.S. Constitution. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). Plaintiff's attempts to assert claims under the First, Fourth, and Fourteenth Amendments fall short of stating any claim, whether against the

---

(N.D. Ga. Dec. 9, 2005) (female plaintiff's complaint to supervisor about hiring of male did not constitute protected activity where plaintiff did not tell employer she believed his hiring was discriminatory); *Webb v. R&B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla. 1998) (plaintiff's complaints about speaking Spanish in workplace were not protected activities because plaintiff did not make clear she believed employer was violating employment discrimination laws).

City or Chief Robison.

      **1.**      ***Plaintiff fails to allege facts to state a First Amendment retaliation claim.***

A First Amendment retaliation claim requires allegations showing (1) plaintiff's speech involved a matter of public concern; (2) his free speech interest outweighed the government's interest in effective and efficient fulfillment of its responsibilities; and (3) his speech played a substantial role in the adverse employment decision. *Cook v. Gwinnett Cnty. Sch. Dist.*, 414 F.3d 1313, 1318 (11th Cir. 2005). If the plaintiff makes this showing, the burden shifts to the government to show that (4) it would have taken the adverse employment action even in the absence of his protected speech. *Id.* "The first two steps are questions of law; the final two steps are questions of fact designed to determine whether the alleged adverse employment action was in retaliation for the protected speech." *Id.* (citation and internal quotation marks omitted).

Plaintiff alleges no facts to establish the first three elements above. As to the first element, speech involves a matter of public concern only when it can be "fairly considered as relating to any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). But it is not enough for the speech to relate *generally* to a subject matter of public interest—the employee's *specific message* must be of concern to public debate. *See id.* at 148 n.8 ("[Speech] not otherwise of public concern does not attain that status because its subject matter could, in different

circumstances, have been the topic of a communication to the public that might be of general interest."); *City of San Diego v. Roe*, 543 U.S. 77, 83-84 (2004) ("[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public at the time of publication.").

Nothing in plaintiff's complaint reflects the substance of his alleged speech, the audience to whom it was addressed, or any message he tried to convey. His only allegations about speech are that he "commented on his employment and coworkers" and "communicat[ed] opposition to discrimination against fellow officers." (Doc. 1-1 ¶¶ 34-35.) The first allegation is far too general a statement to discern whether plaintiff's alleged speech was on "a subject of legitimate news interest." *See Roe*, 543 U.S. at 83-84. The second allegation is a just "naked assertion" without "further factual enhancement," which, as discussed above, the Court should disregard on a motion to dismiss. *See supra* Part II.B. Nowhere in the complaint does plaintiff allege any message he purportedly conveyed to anyone. (*See* Doc. 1-1 ¶¶ 4-12, 34-37.) One can only speculate about whether his alleged speech was on a matter of public concern, and speculation never states a claim for relief. *See Twombly*, 550 U.S. at 555 (holding allegations must "raise a right to relief above the speculative level" to survive motion to dismiss).

As to the second element of a First Amendment retaliation claim, known as the *Pickering* balancing test, plaintiff alleges nothing whatsoever to show he had any

articulable speech interest, much less one that would outweigh defendants' interest in controlling his employment and running an effective and efficient police department. As a general rule, public employers enjoy "wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment," *Connick*, 461 U.S. at 146, and are permitted to "take action against employees who engage in speech that 'may unreasonably disrupt the efficient conduct of government operations.'" *Reid v. City of Atlanta*, No. 1:08-CV-01846-JOF, 2010 WL 1138456, at *9 (N.D. Ga. 2010) (quoting *Tindal v. Montgomery Cnty. Comm'n*, 32 F.3d 1535, 1540 (11th Cir. 1994)).

In fact, police departments have *even more* latitude in this regard than other government agencies because they are quasi-military organizations with a special need for securing discipline, mutual respect, trust, and efficiency among their ranks. *Hansen v. Soldenwagner*, 19 F.3d 573, 577 (11th Cir. 1994); *see also McMullen v. Carson*, 754 F.2d 936, 939-40 (11th Cir. 1985) ("The First Amendment does not protect personal behavior in the law enforcement context to the same extent that it does in other areas of Governmental concern."); *Lawrenz v. James*, 852 F. Supp. 986, 991 (M.D. Fla. 1994) ("[L]aw enforcement employees are entitled to less First Amendment protection than other government employees."), *aff'd*, 46 F.3d 70 (11th Cir. 1995).

Without any allegations about the substance of plaintiff's alleged speech or its impact on government operations, plaintiff cannot even begin to show his speech interest

outweighed defendants' interests in managing or operating the police department.

Finally, as to the third element (whether plaintiff's alleged speech played a substantial role in his termination), the complaint offers nothing but conclusory allegations that his termination was "in retaliation for his protected speech." (Doc. 1-1 ¶ 25; *see also id.* ¶ 37.) With nothing to show the nature of plaintiff's speech, its audience, or message, or any facts to suggest a connection to his termination, plaintiff's First Amendment retaliation "stops short of the line between possibility and plausibility." *See Twombly*, 550 U.S. at 557.

The vague and conclusory nature of plaintiff's allegations satisfy none of the necessary elements of a First Amendment retaliation claim. Thus, for this reason, the Court should dismiss this claim with prejudice for plaintiff's failure "to raise a right to relief above the speculative level." *Id.* at 555.

### 2.    *Plaintiff fails to state any claim for violation of procedural due process.*

The Due Process Clause of the Fourteenth Amendment states that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. To plead a viable claim for violation of procedural due process, plaintiff must allege (1) deprivation of a constitutionally-protected interest (such as property); (2) state action; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). Plaintiff fails to

allege sufficient facts to support either the first or third elements above.

### a. Plaintiff fails to allege a property interest in his employment.

First, while plaintiff alleges in conclusory fashion that he had a property interest in his employment, (Doc. 1-1 ¶¶ 30-31, 38), he fails to allege any *facts* to support this assertion. Public employment does not automatically endow one with a constitutionally-protected property interest in employment. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577-78 (1972). The extent of such property interest (if any) is determined by state law or the terms of the employment contract (if any). *Id.*

Plaintiff fails to allege any Georgia law granting him a property interest in his employment. To the contrary, it is well-settled in Georgia that public employees are employed "at will" unless they are employed pursuant to a civil service system that provides for termination only for cause or an employment contract for a specified term of employment. *See* O.C.G.A. § 34-7-1 ("An indefinite hiring may be terminated at will by either party."); *Brett v. Jefferson Cnty.*, 123 F.3d 1429, 1433-34 (11th Cir. 1997) ("Under Georgia law, a public employee generally has no protected property interest unless he or she is employed under a civil service system, which allows termination only for cause."); *Nolin v. Douglas Cnty.*, 903 F.2d 1546, 1553 (11th Cir. 1990) (public employee failed to establish property interest in employment where nothing in record showed he could be terminated only for cause), *abrogated on other grounds by*

*McKinney*, 20 F.3d at 1564-65. Nothing in the complaint suggests plaintiff could be terminated only for cause or was employed under any contract for a specified term.[5]

Thus, because plaintiff fails to allege any facts to establish a property interest in his City employment, the requirements of due process do not apply. *See Roth*, 408 U.S. at 569-70. For this reason alone, his procedural due process claim should be dismissed.

### b.   Plaintiff fails to allege inadequate state procedures.

In addition, plaintiff alleges nothing to show the State of Georgia refused to correct or remedy any inadequacies of due process accompanying his termination. While he alleges he was entitled to a hearing before being terminated, he fails to allege that he even attempted to pursue any remedies provided under Georgia law to attain the administrative hearing he contends was due. (*See* Doc. 1-1 ¶¶ 8, 25, 30-33.)

Regardless of the termination procedures available to an employee, a deprivation of procedural due process "is not complete unless and until the State refuses to provide due process." *Cochran v. Collins*, 253 F. Supp. 2d 1295, 1304-05 (N.D. Ga. 2003) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Even where, as in this case, the public employee contends he was entitled to a pre-termination hearing, "the employer's failure to provide one is not a constitutional violation under the due process clause if the

---

[5] Plaintiff's allegation that "custom and practice dictated that he could only be terminated for cause" is utterly conclusory and insufficient to show a plausible entitlement to property interest in his employment. (Doc. 1-1 ¶ 30); *see supra* Part II.B.

state provides a later procedural remedy." *Camden Cnty. v. Haddock*, 271 Ga. 664, 665 (1999) (citing *McKinney*, 20 F.3d at 1560). Thus, plaintiff did not suffer a violation of his procedural due process rights unless the state refused to make available a means to remedy the alleged deprivation. *McKinney*, 20 F.3d at 1563. If a state remedy "could have fully compensated the employee for the property loss he suffered," it satisfies procedural due process *even if the employee did not avail himself of it*. *Id.* at 1564-65; *see also Lee v. Hutson*, 810 F.2d 1030, 1033 (11th Cir. 1987) (affirming dismissal of due process claims, despite plaintiff's claim of sham procedures used in termination, where adequate remedy was available through state *certiorari* procedure).

The above rule ensures that a state must have an opportunity to remedy any alleged procedural failings "before being subjected to a claim alleging a procedural due process violation." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000). To the extent the pre-termination hearing plaintiff contends he deserved was quasi-judicial, the writ of *certiorari* provided by O.C.G.A. § 5-4-1(a) would be an adequate post-deprivation state remedy that he fails to allege he pursued. *See Camden Cnty.*, 271 Ga. at 665 n.6 (noting writ of *certiorari* available for correction of judicial and quasi-judicial decisions); *Board of Comm'rs v. Farmer*, 228 Ga. App. 819, 822-23 (1997) (even if employee were denied meaningful pre-termination hearing before unbiased reviewing authority, his failure to seek *certiorari* in state court was fatal to procedural due process claim).

To the extent plaintiff argues the writ of *certiorari* would not apply because the alleged hearing he was due was not quasi-judicial, the writ of *mandamus* under O.C.G.A. § 9-6-20 is another constitutionally adequate post-deprivation remedy for alleged violations of procedural due process, which plaintiff also fails to allege he sought. *See Cotton*, 216 F.3d at 1332. "Under Georgia law, when no other specific legal remedy is available and a party has a clear legal right to have a certain act performed, a party may seek *mandamus*." *Id.* (citing § 9-6-20). Both the Eleventh Circuit and the Georgia Supreme Court have held the writ of *mandamus* to be an adequate state remedy to cure alleged procedural violations attending a public employee's termination. *Id.*; *Joiner v. Glenn*, 288 Ga. 208, 209-10 (2010); *see also Luck v. Pippert*, No. 2:05-cv-37-WCO, 2006 WL 418485, at *4 (N.D. Ga. Feb. 21, 2006) (plaintiff failed to state claim for violation of due process in being terminated without hearing, based on alleged false accusations of wrongdoing, where he failed to show he sought *mandamus* because "*mandamus* would be an adequate remedy under state law to ensure that plaintiff is not deprived of his due process rights"); *Cochran*, 253 F. Supp. 2d at 1305 (public-safety officer terminated for alleged wrongdoing barred from bringing due process claim where he failed to seek writ of *mandamus* to attain new termination hearing).

Accordingly, because plaintiff fails to allege the absence of any adequate state procedure to remedy any alleged violations of due process, his procedural due process

claim should be dismissed.

### 3.    *Plaintiff alleges no facts to state a void-for-vagueness claim.*

"The root of the vagueness doctrine is a rough idea of fairness." *Arnett v. Kennedy*, 416 U.S. 134, 159 (1974). "It is not feasible or necessary for the Government to spell out in detail all that conduct which will result in [a violation]." *Id.* at 161. The standard is whether the policies "are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *Id.* at 159.

Nowhere in the complaint does plaintiff identify the policies he contends to be vague. All he alleges is that they were "vague and ambiguous" and "not clear enough." (Doc. 1-1 ¶¶ 40-41.) Such conclusory language fails to state a void-for-vagueness claim, particularly in the context of public employment where "the government as employer indeed has far broader powers than does the government as sovereign." *Waters v. Churchill*, 511 U.S. 661, 671 (1994). "[M]any of the most fundamental maxims of our First Amendment jurisprudence cannot reasonably be applied to speech by government employees." *Id.* at 672.

> For example, speech restrictions must generally precisely define the speech they target. Yet surely a public employer may, consistently with the First Amendment, prohibit its employees from being "rude to customers," a standard almost certainly too vague when applied to the public at large.

*Id.* at 673 (citations omitted). Even catchall phrases such as "conduct unbecoming," "conduct impairing the operation or efficiency of the department," or conduct "bringing the department into disrepute" generally are upheld against challenges of vagueness. *See Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1356 n.13 (11th Cir. 2006).

But plaintiff here identifies *no* policy that led to his termination, much less any non-conclusory facts to show how it was vague. For this reason, plaintiff's void-for-vagueness claim is due to be dismissed.

### 4.     Plaintiff fails to allege a Fourth Amendment violation.

The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated," U.S. Const. amend. IV, and applies to the states through the Fourteenth Amendment. *Terry v. Ohio*, 392 U.S. 1, 8 (1968).

"To state a claim under 42 U.S.C. § 1983 for a Fourth Amendment violation, a plaintiff must allege that the defendants conducted an unreasonable search." *Marcel v. Metro-Dade Police Dep't*, 2010 WL 5865816, at *2 (S.D. Fla. 2010), *adopted*, 2011 WL 705709 (Feb. 22, 2011) (citing *Samson v. California*, 547 U.S. 843, 848 (2006)). "Whether a search is reasonable 'is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" *Samson*, 547 U.S. at

848 (quoting *United States v. Knights*, 534 U.S. 112, 118-19 (2001) (cleaned up)).

All plaintiff alleges regarding his Fourth Amendment claim is that "Defendant Robison . . . learn[ed] about said protected speech after unlawfully searching Plaintiff's personal items/files (without a warrant in violation of the Fourth Amendment)" and that this constituted "an unlawful governmental search." (Doc. 1-1 ¶¶ 36-37.) Plaintiff fails to identify these "personal items/files" or their contents; nor does he allege any facts to establish "the degree to which [the search] intrude[d] upon [his] privacy" or "the degree to which it [wa]s needed for the promotion of legitimate governmental interests.'" *See Samson*, 547 U.S. at 848. He thus alleges no non-conclusory facts to show a plausible unreasonable search.

To the extent plaintiff intended to base this claim on the City's search of his City-issued cell phone (*see* Exhibit A, EEOC Charge, pp. 3-4), the Supreme Court has held that a public employer's search of its employee's government-issued cell phone does not violate the Fourth Amendment. *City of Ontario, Cal. v. Quon*, 560 U.S. 746, 764-65 (2010). While plaintiff alleges in his complaint that the challenged search was of his "personal items/files," the allegations in the EEOC charge make clear that this cell phone was *not* his personal phone but the property of the City. "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

In addition, plaintiff admits in his EEOC charge that he willingly turned over his City-issued cell phone to the City when requested. (*See* Exhibit A, EEOC Charge, p. 4.) "Valid consent legitimates an otherwise unconstitutional search." *Lenz v. Winburn*, 51 F.3d 1540, 1548 (11th Cir. 1995). For all these reasons, plaintiff's claim for violation of the Fourth Amendment is due to be dismissed.

### 5. *Plaintiff alleges no basis for § 1983 liability against the City (whether under the First, Fourth, or Fourteenth Amendments).*

"The Supreme Court has placed strict limitations on municipal liability under § 1983." *Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). The City's liability may not be based on a *respondeat superior* theory. *Id.* Rather, the City may be held liable *only* if the alleged violation occurred pursuant to a governmental policy or custom. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

A § 1983 claim against the City requires alleging (1) violation of a constitutional right; (2) the City had a policy or custom of deliberate indifference to that constitutional right; and (3) the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "[The] first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff must specifically "identify [the] policy or custom that caused a constitutional violation." *Harvey v. City of Stuart*, 296 F. App'x 824, 826 (11th

Cir. 2008). "Vague and conclusory allegations" are insufficient. *Id.*

Plaintiff identifies *no* specific City policy or custom that resulted in a violation of the First, Fourth, or Fourteenth Amendments. To the contrary, he alleges Chief Robison made the termination decision "without any regard for policies, laws, [or] procedures." (Doc. 1-1 ¶ 29.) Plaintiff's attempt to hold the City liable merely for being the employer of the individual who terminated him is insufficient for a § 1983 claim. *See Grech*, 335 F.3d at 1329. Thus, along with plaintiff's failure to allege an actionable constitutional violation, *see supra* Part II.D.1-4, plaintiff's § 1983 claim against the City fails for alleging no factual or legal basis for imposing § 1983 liability against the City.

### 6.     *Plaintiff alleges no basis for § 1983 liability against Chief Robison (whether under the First, Fourth, or Fourteenth Amendments).*

Plaintiff fails to identify whether he is asserting § 1983 claims against Chief Robison in his official or individual capacity. Claims in either capacity fail.

#### a.     Any official-capacity § 1983 claim against Chief Robison would be impermissibly duplicative of § 1983 claims against the City.

When a municipal officer is sued under § 1983 in his official capacity, the suit is simply "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. at 159, 165 (1985). Such suits against government officers therefore are, in actuality, suits directly against the governmental entity that the officer represents. *Id.* at 165-66. Thus, because a suit against a city officer in his official

capacity is the functional equivalent of a suit against the city, it is improper to bring *both* official-capacity claims against a city officer *and* direct claims against the city. *Busby*, 931 F.2d at 776.

Therefore, keeping Chief Robison as a defendant in his official capacity would be redundant and impermissibly duplicative of plaintiff's § 1983 claim against the City. *See Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005) (where plaintiff named both county and county fire marshal in official capacity as separate defendants, only the county was "the proper party to this action"); *Busby*, 931 F.2d at 776 (affirming directed verdict in favor of individuals sued in official capacity where city also was sued as defendant).

Thus, along with the reasons set out in Part II.D.1-4, the Court should dismiss plaintiff's § 1983 claims against Chief Robison in his official capacity for the separate and independent reason that it is impermissibly duplicative of plaintiff's § 1983 claims against the City.

### b.   Chief Robison is entitled to qualified immunity.

In addition to the arguments discussed in Part II.D.1-4, plaintiff's § 1983 claims against Chief Robison in his individual capacity should be dismissed under the doctrine of qualified immunity because the complaint contains no facts to suggest Chief Robison violated any clearly established right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

When qualified immunity is raised on a motion to dismiss, "the plaintiffs bear the burden of persuasion to show that the [defendant] is not entitled to it." *Battiste v. Sheriff of Broward Cnty.*, 261 F. App'x 199, 201 (11th Cir. 2008). "The motion to dismiss *will be granted* if the 'complaint fails to allege the violation of a clearly established constitutional right.'" *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002) (quoting *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (emphasis added)).[6]

The *Iqbal* pleading standard applies to complaints asserting § 1983 claims against a defendant who is able to assert qualified immunity as a defense. *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). Thus, it is not sufficient for the plaintiff to merely allege in conclusory fashion that the defendant violated a "clearly established" right; the complaint must contain factual allegations to support this legal conclusion. *Id.*

Courts apply a two-part analysis to assertions of qualified immunity. First, the defendant must show the allegedly unconstitutional conduct was within the scope of his discretionary authority. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). Second, if the defendant makes this showing, the burden shifts to the plaintiff to show the conduct violated clearly established law. *Id.*

---

[6] One of the purposes of qualified immunity is to protect public officials from "broad-ranging discovery" that is "peculiarly disruptive of effective government." *Harlow*, 457 U.S. at 817. For this reason, the Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987).

### i.      Chief Robison's alleged actions were discretionary.

The only actions plaintiff attributes to Chief Robison are the alleged search of his "personal items/files" and the alleged termination of his employment without a hearing or notice. (Doc. 1-1 ¶¶ 8, 29, 36.) It is well-settled, however, that a supervisor's decisions about a subordinate's employment are discretionary, *see Davis v. Scherer*, 468 U.S. 183, 196 n.14 (1984) ("[T]he decision to discharge an employee clearly is discretionary."), as are decisions to conduct searches. *See Mathis v. Vizcarrondo*, 792 F. App'x 746, 748 (11th Cir. 2019) (holding warrantless search of cell phone to be within discretionary authority). Plaintiff alleges no facts to suggest otherwise. Thus, plaintiff cannot reasonably dispute that Chief Robison's alleged actions were within the scope of his discretionary authority.

### ii.      Chief Robison's alleged actions violated no clearly established right.

Having established that Chief Robison was operating within his discretionary authority, the analysis shifts to the two prongs of *Pearson v. Callahan*, 555 U.S. 223, 236-37 (2009). To begin with, plaintiff's allegations are not enough to show *any* constitutional rights were violated for purposes of § 1983, for the reasons discussed above. *See supra* Part II.D.1-4. On this basis alone, qualified immunity is warranted.

Turning to the second *Pearson* prong, plaintiff cannot show the specific actions attributed to Chief Robison violated any clearly established right at the time they

allegedly occurred. To determine whether rights were clearly established, "[c]ase law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what [s]he is doing violates federal law." *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000). Put another way, "[q]ualified immunity affords protection to all but the plainly incompetent or those who knowingly violate the law." *Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008).

Nowhere does plaintiff allege (not even in conclusory fashion) that Chief Robison violated any clearly established right. Even if plaintiff had included this phrase, it would be insufficient without supporting factual allegations to defeat qualified immunity because "a reasonable official's awareness of the existence of an abstract right does not equate to knowledge that *his* conduct infringes the right. Thus, if case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Coffin v. Brandau*, 642 F.3d 999, 1015 (11th Cir. 2011) (cleaned up). In all cases when qualified immunity is at issue, courts must determine whether the law was clearly established by looking at whether the state of the law at the time of the action gave "fair and clear warning" to a reasonable person that his actions were unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 746 (2002). In this circuit, the law can be clearly established for qualified immunity purposes only by decisions of the U.S. Supreme

Court, the Eleventh Circuit, or the Georgia Supreme Court. *Jenkins v. Talladega City Bd. of Educ.*, 115 F.3d 821, 823 n.4 (11th Cir. 1997).

Plaintiff cannot show any controlling authority that "staked out a bright line" regarding each of the elements he must show to prove Chief Robison violated the First, Fourth, or Fourteenth Amendments. To the contrary, with regard to the First Amendment, "[t]he Supreme Court has *never* established a bright-line test for determining when a public employee may be disciplined in response to that employee's speech." *Busby*, 931 F.2d at 773 (emphasis added). "[A] public employer is entitled to immunity from suit unless the *Pickering* balance would lead to *the inevitable conclusion* that the discharge of the employee was unlawful." *Id.* at 774 (quotation marks omitted, emphasis added).

As for the Fourth Amendment, the Supreme Court has already held a public employer's search of its employee's government-issued cell phone not to be a violation. *Quon*, 560 U.S. at 764-65. And with regard to his Fourteenth Amendment claims, it is well-settled there can be no violation of procedural due process when the employee fails to show a property interest in his employment or that he sought a writ of *mandamus* or *certiorari* to correct the alleged procedural violation; and plaintiff alleges no facts at all to show Chief Robison implemented or acted on an unconstitutionally vague policy. *See supra* Parts II.D.2-3.

Because plaintiff cannot show it was clearly established that Chief Robison's

specific conduct as alleged in the complaint would violate plaintiff's federal rights, Chief Robison is entitled to immunity from plaintiff's § 1983 claims.

**E.      Plaintiff is not entitled to punitive damages.**

Plaintiff seeks punitive damages under O.C.G.A. § 51-12-5.1 "and Federal law." (Doc. 1-1 ¶ 44.) As an initial matter, § 51-12-5.1 provides for punitive damage awards in tort actions under *Georgia* law. Plaintiff does not assert any claims under Georgia law. So he has no right to any relief under this statute. In addition, plaintiff cannot recover punitive damages against the City because it is a public entity. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Nor may plaintiff recover punitive damages from Chief Robison in his individual capacity because the complaint fails to state a claim for any constitutional violation or to allege facts to overcome qualified immunity.

## III.      CONCLUSION

For all these reasons, defendants respectfully request that plaintiff's complaint be dismissed with prejudice and this action closed.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
mhill@fmglaw.com
emily.walker@fmglaw.com

*/s/ Michael M. Hill*
Michael M. Hill
Georgia Bar No. 770486
Emily M. Walker
Georgia Bar No. 221826

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the within and foregoing

**DEFENDANTS' MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** has been prepared

in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 12th day of July, 2023.

*/s/ Michael M. Hill*
Michael M. Hill
Georgia Bar No. 770486
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: mhill@fmglaw.com

*Counsel for Defendants*